```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MATTHEW JOHN FISHER | : | CIVIL ACTION |
| v. | : | |
| SETH ROSENBERG, et al. | : | NO. 02-4007 |

### AMENDED SCHEDULING ORDER

AND NOW, this 25th day of February, 2003, upon review of the pleadings filed to date, the Court issues the following **AMENDED SCHEDULING ORDER** to govern all further proceedings in this case:

1. All discovery shall be completed on or before __April 17, 2003__, and all dispositive motions filed not later than two (2) weeks prior to the close of discovery.

2. On or before December 7, 2002, the Plaintiff shall serve upon the Defendant (such that the Defendant actually receives by such date) all expert reports to be used by the Plaintiff in its case in chief at trial.

3. Plaintiff's Pretrial Memorandum shall be prepared in accordance with this Order and Local Rule of Civil Procedure 16.1(c) and it shall be filed on or before __April 24, 2003__.

4. Defendants' Pretrial Memorandum shall be prepared in accordance with this Order and Local Rule of Civil Procedure 16.1(c) and it shall be filed on or before __May 5, 2003__.

      5.   In addition to the items requested in Subsections l to 7 of the Local Rule of Civil Procedure 16.1(c), the Court directs the following:

      (a) A summary of the qualifications of each expert witness and a specific identification of each discovery item and exhibit to be offered for identification or admission into evidence;

      (b) The case will be placed in the trial pool on <u>   May 12, 2003   </u>;

      (c) Pursuant to Local RuleCivil Procedure 16.1(d)3, the Court, of its own motion or at the request of one of the parties, may order further conferences to narrow the issues or explore settlement, but it will <u>not</u> be necessary for counsel to prepare a proposed Pretrial Order in accordance with Local Rule of Civil procedure 16.1(d)2 unless specifically ordered by the Court;

      (d) The provisions of Local Rule of Civil Procedure 16.1(d)4 will be applicable to these proceedings;

      (e) Failure to comply with the dates set forth above shall not be grounds for a continuance of the trial and such failure can result in the imposition of such sanctions as the Court deems appropriate; and

      (f) Because of the availability of the videotape recording equipment in the Federal Courthouse at minimal cost to counsel, requests for a continuance due to the absence of a medical or expert witness will not be favorably received by the Court.