**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MATTHEW JOHN FISHER, et al.     :        CIVIL ACTION
                              :
         v.              :
                              :
BOROUGH OF DOYLESTOWN, et al.     :        NO. 02-4007

<u>**MEMORANDUM AND ORDER**</u>

HUTTON, J.                                   May 20, 2003

In this case, Plaintiffs Matthew John Fisher, Seth Rosenberg, and James Walton are suing Defendants Borough of Doylestown, Doylestown Police Officer Jerold Bredow, and Robert Welch, alleging, <u>inter</u> <u>alia</u>, violations of their civil rights actionable under 42 U.S.C. § 1983.  The gravamen of the complaint is that Defendants Bredow and Welch acted in concert to deprive Plaintiffs of their Fourth and Fourteenth Amendment rights when Plaintiffs were arrested at a building owned by Defendant Welch.  Presently before the Court is Defendant Welch's Motion to Dismiss.  In this motion, Defendant Welch moves: (1) to dismiss the complaint as to him for failure to state a claim; or (2) to dismiss the prayer for punitive damages.  For the reasons stated below, Defendant's Motion is denied.

## I.    **BACKGROUND**[1]

At approximately 6 p.m. on September 18, 2002, Plaintiffs Rosen and Walton arrived at a Starbucks café in Doylestown, Pennsylvania and ordered drinks.  At the time, Plaintiff Fisher was already seated inside the café with friends, drinking a Starbucks' beverage.  Shortly thereafter, Defendants Robert Welch, the owner of the building in which the Starbucks café is located, and Doylestown Police Officer Bredow arrived at the café.

Upon arriving, Defendants informed all those present in the café that anyone who was not consuming Starbucks' food or beverages was required to leave the premises.  Although Plaintiffs were consuming Starbucks' drinks, Defendants ordered them to leave the premises immediately.  At this point, Plaintiff Fisher was finishing his drink and Plaintiffs Rosenberg and Walton were leaving the store.  Before any of the Plaintiffs could exit the premises, Defendant Welch requested that Officer Bredow arrest them.  Officer Bredow arrested Plaintiffs and transported them to the Doylestown Police Department headquarters, where they were detained for approximately two hours.

Subsequent to their arrest, Plaintiffs were charged with disorderly conduct, failure to disperse, and defiant trespass.  The criminal charges against Plaintiffs Fisher and Rosenberg were

---

[1]    To extent the facts are in dispute, they are presented in the light most favorable to the Plaintiffs.  See Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

dismissed at their respective criminal hearings.  The criminal charges against Plaintiff Walton resulted in a juvenile non-adjudication.

On June 21, 2002, Plaintiffs initiated this action against Defendants Welch, Bredow, and the Borough of Doylestown.  In Count I of the complaint, Plaintiffs, pursuant to 42 U.S.C. § 1983, allege that Defendants deprived them of their Fourth and Fourteenth Amendment rights to be free from arrest, detention, and prosecution without probable cause.  In Count II of the complaint, Plaintiffs assert state law claims of assault and battery, unlawful arrest, and malicious prosecution.  Plaintiffs seek compensatory and punitive damages,[2] as well as attorneys' fees and costs.

In the instant motion, Defendant Welch, pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to dismiss Count I of the complaint as it relates to him.  Defendant Welch argues that Plaintiffs have not stated sufficient facts demonstrating that he acted under color of state law.  In the alternative, Defendant Welch moves the Court to dismiss Plaintiffs' punitive damages claims against him.

## II.  **LEGAL STANDARD**

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court must accept as true

---

[2]    Because a section 1983 plaintiff may not recover punitive damages from a municipality, <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981), Plaintiffs seek punitive damages from the individual Defendants in their individual capacities.

all facts alleged in the complaint and any reasonable inferences that can be drawn therefrom. <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990) (citing <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988)); <u>see also</u> <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 249-50 (1989).   A court may only dismiss a complaint where plaintiff can prove no set of facts, consistent with his allegations, which justifies relief.[3]   <u>See</u> <u>ALA, Inc. v. CCAIR, Inc.</u>, 29 F.3d 855, 859 (3d Cir. 1994); <u>Crighton v. Schuylkill County</u>, 882 F. Supp. 411, 414 (E.D. Pa. 1995).

The court is not required to credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. <u>See</u> <u>Id.</u>  The Federal Rules merely require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2) (West 2001).

### III.  <u>DISCUSSION</u>

### A.  <u>Motion to Dismiss Section 1983 Claims</u>

Section 1983[4] is not, by its own terms, a source of

---

[3]    Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

[4]    42 U.S.C. § 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of rights,

substantive rights.  Instead, it provides a remedy for deprivations of rights that are established elsewhere in the Constitution or the federal statutes.  <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 2694 n. 3, 61 L. Ed. 2d 433 (1979); <u>Kniepp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996).  To establish a valid claim under section 1983, Plaintiffs must demonstrate that Defendants, while acting under the color of state law, deprived them of a right secured by the Constitution or the laws of the United States.  <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995).

Defendant Welch, as a private citizen, is not an agent of the state.  In certain circumstances, however, a private citizen, acting in conspiracy with state officials to deprive a person of a constitutional right, may be deemed a state actor for purposes of section 1983.  <u>See</u>, <u>e.g.</u>, <u>Abbot v. Latshaw</u>, 164 F.3d 141, 148 (3d Cir. 1998) (citing, <u>inter alia</u>, <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)).  In his motion to dismiss for failure to state a claim, Defendant Welch argues that Plaintiffs have not pled sufficiently particular facts to demonstrate that he acted in conspiracy with Officer Bredow to deprive Plaintiffs of their constitutional rights.  In response, Plaintiffs argue that: (1) Defendant Welch cites the improper

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

-5-

pleading standard for a section 1983 action; and (2) the complaint meets the lenient notice pleading standard of the Federal Rules.

### 1. _Pleading Standard for Section 1983 Claims_

The parties disagree as to the appropriate pleading standard in section 1983 cases.  In his motion to dismiss, Defendant Welch, citing <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3d Cir. 1988), asserts that section 1983 claims are subject to a heightened pleading standard.  <u>See</u> Def.'s Mem. at 4.  As Plaintiffs properly point out, Defendant's argument fails because <u>Colburn</u>'s heightened pleading requirement no longer applies to most section 1983 claims. Although not specifically stated by the Third Circuit, it is clear that the heightened pleading requirement of cases such as <u>Colburn</u> has been abrogated by the Supreme Court.  <u>See</u>, <u>e.g.</u>, <u>Abbott</u>, 164 F.3d at 148; <u>Carver v. Foerster</u>, 102 F.3d 96, 103 (3d Cir. 1996).

In <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993), the Court held that a federal court may not apply a heightened pleading standard in section 1983 cases.  <u>See also</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 512-13, 112 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (reaffirming <u>Leatherman</u> in Title VII context).  The Court emphasized that, except in cases alleging fraud or mistake pursuant to Federal Rule of Civil Procedure 9(b), a court may only require a plaintiff to plead with the specificity required in Rule 8(a).  <u>Leatherman</u>, 507 U.S. at 168.  Although

<u>Leatherman</u> was decided in the context of municipal liability under section 1983, courts in this district have repeatedly extended it to cover individual defendants.  <u>See</u>, <u>e.g.</u>, <u>Perlmutter v. Pettus</u>, No. Civ.A. 01-1663, 2001 WL 1169215, at *1, n.3 (E.D. Pa. Oct. 1, 2001); <u>Johnson v. Dranov</u>, No. Civ.A. 95-5844, 1996 WL 547401, at *3 (E.D. Pa. 1996) (collecting cases); <u>Loftus v. Southeastern Pa. Transp. Auth.</u>, 843 F. Supp. 981, 984-85, n.4 (E.D. Pa. 1994). Accordingly, the Court evaluates the sufficiency of Plaintiffs' complaint under the notice pleading standard found in Rule 8(a)(2), rather than any heightened pleading requirement.  <u>See</u> Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief").

   **2.  *Acting Under Color of State Law***

   For purposes of section 1983, persons act under color of state law if they are state actors or if they exert "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law.'"  <u>Abbott</u>, 164 F.3d at 146. As noted above, a person need not be a state official to act under color of state law. <u>Dennis v. Sparks</u>, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980).  Rather, it is enough that a defendant acted as a willful participant in joint action with the State or its agents.  <u>Id</u>.  Thus, a defendant may be found to be a state actor when: (1) the defendant is a state official; (2) the defendant acts together with or receives significant aid from state

officials; or (3) the defendant's conduct is chargeable to the state. Angelico v. Lehigh Valley Hospital, 184 F.3d 268, 277 (3d Cir. 1999) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S. Ct. 2744, 2753-54, 73 L. Ed. 2d 482 (1982)).

In his motion to dismiss, Defendant argues that Plaintiffs' complaint contains "no indication that [Defendants Welch and Bredow] met prior to arriving [at the Starbucks café], that they formulated a plan to violate plaintiffs' constitutional rights, or that they acted in concert once they arrived." See Def.'s Mem. at 6. According to Defendant, because "[Officer] Bredow had the power to observe probable cause on his own[,]" Defendant Welch's request that the officer arrest Plaintiffs does not provide an adequate basis from which to infer state action. Id. At this stage of the litigation, however, Plaintiffs do not need to provide evidence of a conspiracy. Rather, under Fed. R. Civ. P. 12(b)(6), they need only put forth a set of facts upon which relief may be granted. Recently, the Third Circuit examined a complaint similar to the one in this case and found that it "easily satisfied" the federal notice pleading requirements. Abbott, 164 F.3d at 148.

In Abbott, the plaintiff brought a section 1983 claim against several police officers, a county constable, and a private citizen, alleging deprivation of property without due process of law. Id. at 143-44. In that case, the complaint stated that the county constable acted "at the instance and request of [the private

citizen defendant]." <u>Id.</u> at 148. The Court found that the complaint adequately pled the state action requirement. <u>Id.</u> Similarly, in this case, Plaintiffs assert that Officer Bredow arrested them "on the specific request and direction of [D]efendant Welch." <u>See</u> Compl. at 2. Moreover, Plaintiffs assert that Defendants entered the café at the same time and that Welch and Bredow both issued warnings to the customers. <u>Id.</u> Accordingly, the Court finds that Plaintiffs' complaint easily satisfies the notice pleading requirements of Rule 8(a)(2). Defendant's motion to dismiss is denied as to Count I of the complaint.

**B.  <u>Motion to Strike Punitive Damages Claims</u>**[5]

Defendant argues that Plaintiffs' request for punitive damages must be dismissed because "[t]he award of punitive damages in Pennsylvania is limited to instances where the wrongdoer committed outrageous conduct." <u>See</u> Def.'s Mem. at 8. According to Defendant, under Pennsylvania law, Welch can only be subject to punitive damages if his conduct was more serious than the mere commission of a tort against Plaintiffs. <u>Id.</u> Because Plaintiffs do not allege that Defendant Welch had an evil motive or showed reckless indifference to their rights, Defendant asserts that Plaintiffs' request for punitive damages must be dismissed. <u>Id.</u> Without commenting on Defendant's description of Pennsylvania law,

---

[5]    Plaintiffs' request for punitive damages is not a separate cause of action. Rather, it is a prayer for relief. Accordingly, the Court treats Defendant's motion to dismiss Plaintiffs' punitive damages request as a motion to strike.

the Court finds that Plaintiffs' complaint meets the standards for pleading punitive damages under federal law, which governs a section 1983 claim such as this one.

Punitive damages are available to remedy a section 1983 violation "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983). In the context of a federal civil rights claim, "reckless indifference" does not refer to the egregiousness of the defendant's conduct, but rather the term refers to the defendant's knowledge that it is acting in violation of federal law. Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000) (citing Kolstad v. American Dental Ass'n, 527 U.S. 526, 536, 119 S Ct. 2118, 2124, 144 L. Ed. 2d 494 (1999)).

Applying this standard to the instant case, the Court finds that Plaintiffs sufficiently pled facts alleging that Defendant Welch acted with the knowledge that he was violating the Plaintiffs' Fourth Amendment rights. Examined under the lenient federal notice pleading standard, Plaintiffs allege that Defendant Welch ordered Plaintiffs' arrest knowing that the arrest was not based on probable cause, but rather on false charges, including disorderly conduct. Plaintiffs allege that Defendant wilfully engaged in this conduct to effectuate his personal policy of

refusing to allow young people to congregate in his building. Accordingly, Plaintiffs sufficiently allege that Welch acted with reckless indifference to their rights.    Defendant's motion is denied.

## IV.  __CONCLUSION__

Pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead a set of facts upon which relief may be granted.    Plaintiffs in this case set forth an adequate factual basis to support a finding of state action.    Moreover, Plaintiffs adequately allege facts sufficient to support their prayer for punitive damages.    Thus, Defendant's motion is denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MATTHEW JOHN FISHER, <u>et</u> <u>al.</u>     :          CIVIL ACTION
                                  :
             v.                   :
                                  :
BOROUGH OF DOYLESTOWN, <u>et</u> <u>al.</u>   :          NO. 02-4007

<u>**O R D E R**</u>

AND NOW, this   20th   day of  May, 2003, upon consideration of Defendant Robert Welch's Motion to Dismiss (Docket No. 6), IT IS HEREBY ORDERED that Defendant's Motion is **DENIED.**


                              BY THE COURT:


                              _____
                              HERBERT J. HUTTON, J.