IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, : | |
| SETH ROSENBERG, by his next : | 02-CV-4007 |
|   friend IRA ROSENBERG; and : | |
| JAMES WALTON : | |
| : | |
| v. : | |
| : | |
| BOROUGH OF DOYLESTOWN; and : | |
| POLICE OFFICER JEROLD BREDOW : | |
|   ind. and as a police officer of the : | |
|   Borough of Doylestown; and : | |
| ROBERT WELCH : | |

**O R D E R**

    **AND NOW**, this _____ day of _____, 2003, upon consideration of Defendant Robert Welch's Motion to Enlarge Time to File a Motion for Summary Judgment, and any responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. Defendant Robert Welch is granted leave to file a Motion for summary Judgment at ay time up to and including August 20, 2003 or ten (10) days from the issuance of this Order, whichever is later.

                                            BY THE COURT:

                                                                                 J.

**Filing Party:**
TED D. BROOM, ESQUIRE
IDENTIFICATION NO. 36417
ATTORNEY FOR DEFENDANT
FRANCIS R. GARTNER & ASSOCIATES
UNION MEETING III
960-B HARVEST DRIVE, SUITE 215
BLUE BELL, PA  19422-1969
(215) 619-4362

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, : | |
| SETH ROSENBERG, by his next : | 02-CV-4007 |
|   friend IRA ROSENBERG; and : | |
| JAMES WALTON : | |
| : | |
| v. : | |
| : | |
| BOROUGH OF DOYLESTOWN; and : | |
| POLICE OFFICER JEROLD BREDOW : | |
|   ind. and as a police officer of the : | |
|   Borough of Doylestown; and : | |
| ROBERT WELCH : | |
| : | |

**DEFENDANT ROBERT WELCH'S MOTION TO ENLARGE TIME TO FILE MOTION FOR SUMMARY JUDGMENT**

    1.    This matter is a civil rights claim made by three Plaintiffs under 42 U.S.C. §1983. Pendant state law claims for assault and battery, unlawful arrest and malicious prosecution are also pleaded by Plaintiffs.

    2.    Defendant Robert Welch, the moving party, is one of the owners of a certain premises in Doylestown, Pennsylvania where the civil rights violations allegedly occurred. Welch, although a private citizen, is named as a Defendant due to his alleged action in concert with or in conspiracy with the Co-defendant Doylestown Police who arrested and briefly detained the Plaintiffs.

    3.    On September 27, 2002 the Court entered a Scheduling Order to govern the proceedings in this case. A true and correct copy of the Order is attached hereto as Exhibit "A".

    4.    Per the Scheduling Order discovery was closed on February 17, 2003 with dispositive motions to be filed two (2) weeks prior to that date.

5. On February 25, 2003, the Court, upon application of the parties by Joint Stipulation, issued an Amended Scheduling Order setting April 17, 2003 as the discovery deadline with dispositive motions to be filed two (2) weeks prior to that date. A copy of the Amended Scheduling Order is attached hereto and marked Exhibit "B".

6. On or about October 28, 2002 moving Defendant Welsh filed and served a Rule 12(b)(6) Motion to Dismiss the Complaint.

7. Plaintiffs' Response to the Motion to Dismiss was timely filed.

8. In or about early May, 2003, with the dispositive motion deadline having passed in April, 2003, counsel for Defendant Welsh contacted the Courtroom Deputy of the Honorable Herbert Hutton and inquired as to status of the Motion to Dismiss filed in October, 2002.

9. As a result of that conversation the Court was presented Defendant Welch's Motion to Dismiss.

10. On May 22, 2003 the Court denied Defendant Welch's Motion to Dismiss, but by then the applicable motion deadline for the filing of a Motion for Summary Judgment had expired.

11. Although counsel for Defendant Welch neglected to timely file a Motion for Summary Judgment (by April 3, 2003), the neglect is excusable in that Defendant Welch still had an outstanding Motion filed with the Court, namely, the Motion to Dismiss.

12. Defendant Welch's proposed Motion for Summary Judgment is meritorious and not designed in any fashion to delay to orderly progression of this case to a conclusion.

13. In the interim, Co-defendant's Borough of Doylestown and Police Officer Jerold Bredow have filed a Motion for Summary Judgment which has not yet been acted upon.

14. Defendant Welch seeks an enlargement of time to August 20, 2003 or to a date ten (10) days following the date of an Order granting this Motion, whichever is later, to file a Motion for Summary Judgment.

15. All parties have been contacted. All Co-defendants offer no objection to this Motion. Plaintiffs' counsel opposes this Motion.

WHEREFORE, Defendant Robert Welch prays this Honorable Court grant this Motion to Enlarge Time by entering as its own the proposed Order attached hereto.

**Respectfully Submitted,**

**FRANCIS R. GARTNER & ASSOCIATES**


BY: _____
**TED D. BROOM, ESQUIRE
IDENTIFICATION NO. 36417
ATTORNEY FOR DEFENDANT
LAW OFFICES
FRANCIS R. GARTNER & ASSOCIATES
UNION MEETING III
960-B HARVEST DRIVE, SUITE 215
BLUE BELL, PA  19422-1969
(215) 619-4362**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER,   : | |
| SETH ROSENBERG, by his next   : | 02-CV-4007 |
|   friend IRA ROSENBERG; and   : | |
| JAMES WALTON   : | |
|                                                   : | |
| v.   : | |
|                                                   : | |
| BOROUGH OF DOYLESTOWN; and   : | |
| POLICE OFFICER JEROLD BREDOW   : | |
|   ind. and as a police officer of the   : | |
|   Borough of Doylestown; and   : | |
| ROBERT WELCH   : | |
|                                                   : | |

**DEFENDANT ROBERT WELCH'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO ENLARGE TIME TO FILE A
MOTION FOR SUMMARY JUDGMENT**

I.  **FACTS**:

Defendant Welch incorporates herein the operative facts as contained in the foregoing Motion.

II.  **LEGAL DISCUSSION**:

> F.R.C.P. 6(b)(2) provides:
>
> **"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion**
>
> **(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e) and 60(b), except to the extent and under the conditions stated in them."**

Since this Motion is filed to permit the filing of a Motion for Summary Judgment (Rule 56), and not the numbered Rules excepted out of Rule 6(b), it would be permissibly filed upon a showing of excusable neglect.

In this matter, counsel for Defendant Welch had filed a Rule 12(b)(6) Motion to Dismiss in late October, 2002 and was awaiting the Court's ruling on said Motion. Defendant Welch would potentially prejudice, however subtlety, his own Motion to Dismiss by filing a Motion for Summary Judgment while the Motion to Dismiss was outstanding.

By agreement of the parties and with Court approval, the dispositive motion deadline was extended to April 3, 2003 (two weeks prior to the April 17, 2003 discovery deadline). Unfortunately, the Court, with counsel's recognition of the Court's busy calendar, did not issue a decision on Defendant Welch's Motion to Dismiss until May 20, 2003. Following that Defendant Welch filed an Answer with Affirmative Defenses to the Complaint. It is noted that Co-defendants filed a Motion for Summary Judgment on April 3, 2003. That Motion is still pending before the Court.

Defendant Welch now seeks this enlargement of time to file a Rule 56 Motion for Summary Judgment and by doing so, requests this Honorable Court excuse the neglect of

counsel in not filing the Rule 56 Motion within the time constraints set forth in the Court's Amended Scheduling Order. (See Exhibit "B").

WHEREFORE, Defendant Robert Welch prays this Honorable Court grant this Motion to Enlarge Time by entering as its own the proposed Order attached hereto.

**Respectfully Submitted,**

**FRANCIS R. GARTNER & ASSOCIATES**


BY: _____
**TED D. BROOM, ESQUIRE
IDENTIFICATION NO. 36417
ATTORNEY FOR DEFENDANT
LAW OFFICES
FRANCIS R. GARTNER & ASSOCIATES
UNION MEETING III
960-B HARVEST DRIVE, SUITE 215
BLUE BELL, PA 19422-1969
(215) 619-4362**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, :<br>SETH ROSENBERG, by his next :<br>  friend IRA ROSENBERG; and :<br>JAMES WALTON :<br>                         :<br>      v.                   :<br>                          :<br>BOROUGH OF DOYLESTOWN; and :<br>POLICE OFFICER JEROLD BREDOW :<br>  ind. and as a police officer of the :<br>  Borough of Doylestown; and :<br>ROBERT WELCH : | 02-CV-4007 |

**C E R T I F I C A T E  O F  S E R V I C E**

**TO THE PROTHONOTARY**:

      **TED D. BROOM, ESQUIRE**, attorney for Defendant, **ROBERT WELCH**, hereby certifies that a true and correct copy of Defendant's Motion to Enlarge Time to File a Motion for Summary Judgment was served upon all counsel of record on the attached list, by way of regular first class mail, postage prepaid on August 7, 2003.

                                          FRANCIS R. GARTNER & ASSOCIATES

      BY: _____
            TED D. BROOM, ESQUIRE
            IDENTIFICATION NO. 36417
            ATTORNEY FOR DEFENDANT
            LAW OFFICES
            FRANCIS R. GARTNER & ASSOCIATES
            UNION MEETING III
            960-B HARVEST DRIVE, SUITE 215
            BLUE BELL, PA  19422-1969
            (215) 619-4362

## LIST OF COUNSEL

DAVID RUDOVSKY, ESQUIRE
**KAIRYS, RUDOVSKY, EPSTEIN, MESSING & RAU**
924 CHERRY STREET, SUTIE 500
PHILADELPHIA, PA  19107

Michael C. Schwartz, Esquire
**JAMES, JARRETT & SCHWARTZ, P.C.**
Stephen Girard Building
21 South 12th Street, 9th Floor
Philadelphia, PA  19107
 (Attorneys for Plaintiffs)

John P. Gonzales, Esquire
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
One Montgomery Plaza, Suite 1002
Norristown, PA  19401
(Attorney for Defendants,
CO-DEFENDANT:   BOROUGH OF DOYLESTOWN
CO-DEFENDANT:   POLICE OFFICER JEROLD BREDOW)