\02_A\LIAB\JPG\LLPG\212316\LYR\04108\00324

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA    19401
(610) 292-4444

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, | : CIVIL ACTION NO:  02-CV-4007 |
| By his next friend, Ira Rosenberg, JAMES WALTON | : |
| | : |
| V. | : |
| | : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER | : |
| JEROLD BREDOW, ind. and as Police Officer of the | : |
| Borough of Doylestown, ROBERT WELCH | : |

## DEFENDANTS' MOTION IN LIMINE TO ADMIT PLAINTIFFS, MATTHEW FISHER AND JAMES WALTON'S PRIOR POLICE CONTACTS

Defendants, by and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and Joseph J. Santarone, Jr., Esquire, file this Motion in Limine to Admit Plaintiffs' Prior Police Contacts.

1.      The instant case arises from an incident that occurred at the Starbucks Café in Doylestown, Pennsylvania on September 8, 2000, in which all of the Plaintiffs were arrested.

2.      Plaintiffs allege that they were arrested without probable cause which provides the basis for their claim of unlawful arrest and malicious prosecution.

3.      Plaintiffs' Complaint alleges violations of their Civil Rights as well as various state law claims.

4.      For the reasons more fully set forth in the Memorandum of Law attached hereto and incorporated herein by reference, Defendants respectfully request that this Honorable Court grant their Motion in Limine to Admit Plaintiffs' Prior Police Contacts.

WHEREFORE, Defendants respectfully request that this Honorable Court grant its

Motion in Limine.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____

JOSEPH J. SANTARONE, JR., ESQUIRE
Attorney for Defendants

DATE: _____

\02_A\LIAB\JPG\LLPG\212316\LYR\04108\00324

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, | : CIVIL ACTION NO:  02-CV-4007 |
| By his next friend, Ira Rosenberg, JAMES WALTON | : |
| | : |
| V. | : |
| | : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER | : |
| JEROLD BREDOW, ind. and as Police Officer of the | : |
| Borough of Doylestown, ROBERT WELCH | : |

### <u>ORDER</u>

AND NOW, this         day of               , 2003 upon consideration of Defendants'

Motion in Limine to Admit Plaintiffs, Matthew Fisher and James Walton's Prior Police Contacts,

and any Response thereto, it is hereby ORDERED and DECREED that Defendants Motion is

GRANTED.

BY THE COURT:

_____
                                                          J.

\02_A\LIAB\JPG\LLPG\212316\LYR\04108\00324

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, | : CIVIL ACTION NO:  02-CV-4007 |
| By his next friend, Ira Rosenberg, JAMES WALTON | : |
| | : |
| V. | : |
| | : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER | : |
| JEROLD BREDOW, ind. and as Police Officer of the | : |
| Borough of Doylestown, ROBERT WELCH | : |

<u>CERTIFICATE OF SERVICE</u>

I, JOSEPH J. SANTARONE, JR., ESQUIRE, being duly sworn according to law, hereby

certify that the Motion in Limine to Admit Plaintiffs, Matthew Fisher and James Walton's Prior

Police Contacts and Memorandum of Law in Support thereof was forwarded to all counsel of

record on the below listed date and was sent via first class mail, postage prepaid to the last

known address of other parties or their representatives.

Michael Schwartz, Esquire
JAMES, JARRETT & SCHWARTZ
Stephen Girard Building
21 South 12th Street, 9th Fl.
Philadelphia, PA   19107

Ted D. Broom, Esquire
FRANCIS R. GARTNER & ASSOCIATES
Union Meeting III, Suite 215
960-B Harvest Drive
Blue Bell, PA   19422-1969


MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


BY: _____
    JOSEPH J. SANTARONE, JR., ESQUIRE
    Attorney for Defendants


DATE: _____

\02_A\LIAB\JPG\LLPG\212316\LYR\04108\00324

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, | : CIVIL ACTION NO:  02-CV-4007 |
| By his next friend, Ira Rosenberg, JAMES WALTON | : |
| | : |
| V. | : |
| | : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER | : |
| JEROLD BREDOW, ind. and as Police Officer of the | : |
| Borough of Doylestown, ROBERT WELCH | : |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO ADMIT PLAINTIFFS, MATTHEW FISHER AND JAMES WALTON'S PRIOR POLICE CONTACTS

## I.    FACTUAL BACKGROUND

Plaintiffs' Complaint contains two (2) counts against Moving  Defendants, Borough of Doylestown and Police Officer Jerold Bredow, and arises from an incident that occurred at the Starbucks Café in Doylestown, Pennsylvania on September 8, 2000.

Plaintiffs allege that they were arrested without probable cause which provides the basis for their claims of unlawful arrest and malicious prosecution.

On September 8, 2000 at approximately 6:30 in the evening or shortly thereafter, Officer Bredow of the Doylestown Police Department was on patrol outside of the Starbucks Café on North Main Street in Doylestown, Pennsylvania.  He noticed a large group of juveniles blocking the steps that lead up to the porch outside of the Starbucks Café.

Mr. Welch saw that the crowd was blocking the corner of his porch on the west side of the of the building. He observed that the majority of the people in the crowd were not holding any items from Starbucks. He approached the entire group and announced that he was the owner of the property and asked them to obey the "no loitering" signs which were located outside the establishment. Several of the members of the group became belligerent with Mr. Welch and told him that they were not going to leave and there was nothing that he could do about it. Specifically, Plaintiff Matthew Fisher was one of the individuals who would not leave the property.

Officer Bredow told the juveniles that if they were not partaking in any products from Starbucks they would have to move on. Officer Bredow gave them a few minutes to gather their things, however some members of the group defied his order and refused to leave. Officer Bredow made the announcement again. He went back to his patrol vehicle and waited patiently for the juveniles to leave the establishment. At this point, he was approached by Mr. Robert Welch, who identified himself as the owner of the property on which Starbucks is located. Mr. Welch informed Officer Bredow that he wanted the juveniles removed if they were not patrons.

Mr. Welch instructed the individuals several more times that they must leave the property but to no avail. The Plaintiffs remained on the property after numerous warnings from Mr. Welch. During this time, Officer Bredow had called his supervisor, Officer Lance Carlen to the scene. Mr. Welch approached the officers and told them that he wanted the people who were still remaining to be arrested for trespassing.

Officer Carlen and Officer Bredow then asked these individuals to vacate for a final time, to which all three (3) of the Plaintiffs refused. Plaintiff, Matthew Fisher argued over his rights to be on private property, at which time all three (3) of the Plaintiffs were arrested. They were

charged with Section 5502 of the Criminal Code, failure of disorderly persons to disperse upon

official order and Section 3503 of the Criminal Code, defiant trespass.

## II.    ARGUMENT

Plaintiffs initiated the present lawsuit against Defendants arising out of their arrest for an

incident which occurred at the Starbucks Café in Doylestown, Pennsylvania on September 8,

2000.

Plaintiffs were cited on the day of the incident for disorderly conduct and defiant

trespass.  Plaintiffs, Matthew Fisher and James Walton have a long history of contacts with the

police in Doylestown for similar offenses.  Specifically, Plaintiffs, Matthew Fisher and James

Walton have been cited on several occasions for disorderly conduct.  Their behavior on all of

these occasions was consistent with their behavior on the day of the incident.  They were

disrespectful and defiant with respect to the police officers who stopped them.

Evidence of a person's prior bad acts are ordinarily inadmissible for the purpose of

showing action in conforming with such acts on a particular occasion.

Fed.R.Evid. 404 (b) states in pertinent part:

> Rule 406 is an exception to the general rule in 404 (b).  Rule 406 evidence of the
> habit of a person whether corroborated or not and regardless of the presence of
> eyewitnesses, is relevant to prove that the conduct of the person…on a particular
> occasion was in conformity with the habit or routine practice.

Plaintiffs' actions in the instant case are a regular response to a particular kind of situation

with a specific type of conduct.  Plaintiffs have demonstrated their habit of disorderly behavior

and disrespectful attitude with regard to police officers.  This evidence fits within the definition

of habit evidence outlined in Federal Rule 406 and, therefore, is admissible at the time of trial.

Furthermore, Plaintiffs have filed claims for compensatory as well as punitive damages

asserting that they have suffered injuries as a result of the conduct of the police officers on

September 8, 2000.  Pennsylvania Rule of Evidence 402 states, "evidence which is not relevant is not admissible."  Pennsylvania Rule of Evidence 401 defines relevant evidence as:

> Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Plaintiffs' prior police contacts are relevant to the instant case to show that they did not suffer any damages as a result of the incident with the police officers.

WHEREFORE, Defendants, Borough of Doylestown and Police Officer Jerold Bredow, respectfully request that this Honorable Court grant its Motion in Limine and enter the Order attached hereto.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
JOSEPH J. SANTARONE, JR., ESQUIRE
Attorney for Defendants

DATE: _____