\02_A\LIAB\JPG\LLPG\212068\LYR\04108\00324

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, By his next friend, Ira Rosenberg, JAMES WALTON | : CIVIL ACTION NO:  02-CV-4007 |
| V. | : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER JEROLD BREDOW, ind. and as Police Officer of the Borough of Doylestown, ROBERT WELCH | : |

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE REGARDING OFFICER BREDOW'S RESIGNATION FROM THE DOYLESTOWN POLICE DEPARTMENT

Defendants, by and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and Joseph J. Santarone, Jr., Esquire, file this Motion in Limine to exclude evidence regarding the details surrounding Defendant, Officer Jerold Bredow's resignation from the Doylestown Police Department.

1.  The instant case arises from an incident that occurred at the Starbucks Café in Doylestown, Pennsylvania on September 8, 2000, in which all of the Plaintiffs were arrested.

2.  Plaintiffs allege that they were arrested without probable cause which provides the basis for their claim of unlawful arrest and malicious prosecution.

3.  Plaintiffs' Complaint alleges violations of their Civil Rights as well as various state law claims.

4. For the reasons more fully set forth in the Memorandum of Law attached hereto and incorporated herein by reference, Defendants respectfully request that this Honorable Court grant their Motion in Limine and limit or exclude the details surrounding Officer Jerold Bredow's resignation from the Doylestown Police Department.

WHEREFORE, Defendants respectfully request that this Honorable Court grant its Motion in Limine.

>                    MARSHALL, DENNEHEY, WARNER,
>                    COLEMAN & GOGGIN
>
>
>          BY: _____
>                    JOSEPH J. SANTARONE, JR., ESQUIRE
>                    Attorney for Defendants

DATE: _____

\02_A\LIAB\JPG\LLPG\212068\LYR\04108\00324
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, | : CIVIL ACTION NO:  02-CV-4007 |
| By his next friend, Ira Rosenberg, JAMES WALTON | : |
| | : |
| V. | : |
| | : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER | : |
| JEROLD BREDOW, ind. and as Police Officer of the | : |
| Borough of Doylestown, ROBERT WELCH | : |

## ORDER

AND NOW, this            day of                      , 2003 upon consideration of Defendants' Motion in Limine to Preclude any Evidence regarding Officer Bredow's Resignation from the Doylestown Police Department, and any Response thereto, it is hereby ORDERED and DECREED that Plaintiffs will be precluded from introducing into evidence the details surrounding Officer Bredow's resignation for the Doylestown Police Department.

BY THE COURT:

_____
                                                                                                     J.

\02_A\LIAB\JPG\LLPG\212068\LYR\04108\00324
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, By his next friend, Ira Rosenberg, JAMES WALTON | : CIVIL ACTION NO:  02-CV-4007 : : |
| V. | : : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER JEROLD BREDOW, ind. and as Police Officer of the Borough of Doylestown, ROBERT WELCH | : : : |

### CERTIFICATE OF SERVICE

I,  JOSEPH J. SANTARONE, JR, ESQUIRE, being duly sworn according to law, hereby certify that the Motion in Limine to Preclude any Evidence Regarding Officer Bredow's Resignation from the Doylestown Police Department and Memorandum of Law in Support thereof was forwarded to all counsel of record on the below listed date and was sent via first class mail, postage prepaid to the last known address of other parties or their representatives.

Michael Schwartz, Esquire
JAMES, JARRETT & SCHWARTZ
Stephen Girard Building
21 South 12th Street, 9th Fl.
Philadelphia, PA   19107

Ted D. Broom, Esquire
FRANCIS R. GARTNER & ASSOCIATES
Union Meeting III, Suite 215
960-B Harvest Drive
Blue Bell, PA   19422-1969

                    MARSHALL, DENNEHEY, WARNER,
                    COLEMAN & GOGGIN


            BY: _____
                    JOSEPH J. SANTARONE, JR, ESQUIRE
                    Attorney for Defendants


DATE: _____

\02_A\LIAB\JPG\LLPG\212068\LYR\04108\00324
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, By his next friend, Ira Rosenberg, JAMES WALTON | : CIVIL ACTION NO: 02-CV-4007 |
| V. | : |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER JEROLD BREDOW, ind. and as Police Officer of the Borough of Doylestown, ROBERT WELCH | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE REGARDING OFFICER BREDOW'S RESIGNATION FROM THE DOYLESTOWN POLICE DEPARTMENT**

**I.     FACTUAL BACKGROUND**

Plaintiffs' Complaint contains two (2) counts against Moving Defendants, Borough of Doylestown and Police Officer Jerold Bredow, and arises from an incident that occurred at the Starbucks Café in Doylestown, Pennsylvania on September 8, 2000.

Plaintiffs allege that they were arrested without probable cause which provides the basis for their claims of unlawful arrest and malicious prosecution.

On September 8, 2000 at approximately 6:30 in the evening or shortly thereafter, Officer Bredow of the Doylestown Police Department was on patrol outside of the Starbucks Café on North Main Street in Doylestown, Pennsylvania.  He noticed a large group of juveniles blocking the steps that lead up to the porch outside of the Starbucks Café.

Mr. Welch saw that the crowd was blocking the corner of his porch on the west side of the of the building. He observed that the majority of the people in the crowd were not holding any items from Starbucks. He approached the entire group and announced that he was the owner of the property and asked them to obey the "no loitering" signs which were located outside the establishment. Several of the members of the group became belligerent with Mr. Welch and told him that they were not going to leave and there was nothing that he could do about it. Specifically, Plaintiff Matthew Fisher was one of the individuals who would not leave the property.

Officer Bredow told the juveniles that if they were not partaking in any products from Starbucks they would have to move on. Officer Bredow gave them a few minutes to gather their things, however some members of the group defied his order and refused to leave. Officer Bredow made the announcement again. He went back to his patrol vehicle and waited patiently for the juveniles to leave the establishment. At this point, he was approached by Mr. Robert Welch, who identified himself as the owner of the property on which Starbucks is located. Mr. Welch informed Officer Bredow that he wanted the juveniles removed if they were not patrons.

Mr. Welch instructed the individuals several more times that they must leave the property but to no avail. The Plaintiffs remained on the property after numerous warnings from Mr. Welch. During this time, Officer Bredow had called his supervisor, Officer Lance Carlen to the scene. Mr. Welch approached the officers and told them that he wanted the people who were still remaining to be arrested for trespassing.

Officer Carlen and Officer Bredow then asked these individuals to vacate for a final time, to which all three (3) of the Plaintiffs refused. Plaintiff, Matthew Fisher argued over his rights to be on private property, at which time all three (3) of the Plaintiffs were arrested. They were

charged with Section 5502 of the Criminal Code, failure of disorderly persons to disperse upon official order and Section 3503 of the Criminal Code, defiant trespass.

## II.  ARGUMENT

Plaintiffs' Complaint alleges Civil Rights claims under 42 U.S.C. §1983 based upon violations of Plaintiffs' Fourth and Fourteenth Amendment Rights to be free from arrest, detention, and prosecution without probable cause, unlawful arrest, and malicious prosecution. Plaintiffs also allege a state law claim based on violations of Plaintiffs' rights to be free from assault and battery, unlawful arrest, and malicious prosecution under the Pennsylvania Constitution.

Defendants believe that Plaintiffs will attempt to introduce evidence that Officer Bredow was suspended without pay with a recommendation to discharge him from his position. Defendants also believe that Plaintiffs will attempt to introduce this evidence to show that he was forced to resign from his position as a Police Officer with the Doylestown Borough Police Department.

Evidence concerning Officer Bredow's resignation from the Doylestown Police Department is not relevant to any issue in this case and its prejudicial value substantially outweighs any probative value it may possess in contravention of Fed.R.Evid.403 and should be precluded.

Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence.  Federal Rule of Evidence 402 states, in part, that evidence which is not relevant is not admissible.  Federal Rule of Evidence 403 states that the evidence must be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues and misleading the jury or by consideration of undue delay, waste or needless presentation of cumulative evidence.

The circumstances surrounding Officer Jerold Bredow's resignation from the Doylestown Police Department do not meet the definition of relevance under Federal Rule of Evidence 401. Therefore, under Federal Rule of Evidence 402, the details of his resignation are irrelevant and should not be admissible. Furthermore, he resigned from the Police Department over a year after the incident involving the Plaintiffs. The resignation involved a single car automobile accident in which Officer Bredow left the scene of the accident without notifying appropriate law enforcement personnel. This has absolutely no relevance with regard to the Civil Rights and/or state law claims that Plaintiffs have brought against Defendant.

Finally, introduction of the evidence will do nothing other than humiliate and embarrass Defendant, Officer Bredow and should be precluded under Federal Rule of Evidence 403 since its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading to the jury.

Thus, since the details surrounding Officer Bredow's resignation are irrelevant to the present case, and are highly prejudicial Defendants respectfully request that this Honorable Court preclude evidence that the Plaintiffs will attempt to introduce at trial regarding the circumstances surrounding his resignation.

WHEREFORE, Defendants, Borough of Doylestown and Police Officer Jerold Bredow, respectfully request that this Honorable Court entered the Order attached hereto.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
JOSEPH J. SANTARONE, JR, ESQUIRE
Attorney for Defendants

DATE: _____