IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW JOHN FISHER, SETH ROSENBERG**, by his next friend Ira Rosenberg, **JAMES WALTON**, | : : : : | **CIVIL ACTION** No. 02-CV-4007 |
| Plaintiffs, | : : | |
| v. | : : | **JUDGE HERBERT J. HUTTON** |
| **BOROUGH OF DOYLESTOWN, POLICE OFFICER JEROLD BREDOW,** individually and as a police officer of the Borough of Doylestown, **ROBERT WELCH,** | : : : : : : : | |
| Defendants. | : : | |

## ORDER

**AND NOW**, this _____ day of _____, 2004, upon consideration of Defendants' Motion in Limine to Admit Plaintiffs, Matthew Fisher and James Walton's Prior Police Contacts and Defendants' Motion in Limine to Preclude any Evidence Regarding Officer Bredow's Resignation from the Doylestown Police Department, **IT IS ORDERED** that:

1.  Defendants' Motion in Limine to Admit Plaintiffs, Matthew Fisher and James Walton's Prior Police Contacts is **DENIED**, and Defendants **SHALL NOT** be permitted to offer any evidence of Plaintiffs' prior police contacts; and

2.  By agreement of the parties, Defendants' Motion in Limine to Preclude any Evidence Regarding Officer Bredow's Resignation from the Doylestown Police Department is **GRANTED**, and Plaintiffs shall be precluded from introducing into evidence the details

2

surrounding Defendant Bredow's resignation from the Doylestown Police Department.

                                              **BY THE COURT:**

                                              **HERBERT J. HUTTON, J**.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, by his next friend Ira Rosenberg, JAMES WALTON, : : : : Plaintiffs, : : v. : : BOROUGH OF DOYLESTOWN, : POLICE OFFICER JEROLD BREDOW, : individually and as a police officer of the : Borough of Doylestown, ROBERT : WELCH, : : Defendants. : : | CIVIL ACTION No. 02-CV-4007 JUDGE HERBERT J. HUTTON |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE

Plaintiffs, through counsel, hereby respond to Defendants' Motion in Limine to Preclude any Evidence Regarding Officer Bredow's Resignation from the Doylestown Police Department and Defendants' Motion in Limine to Admit Plaintiffs, Matthew Fisher and James Walton's Prior Police Contacts. Plaintiffs agree that Defendant's Motion as to Officer Bredow's resignation should be granted. For the reasons more fully set forth in the attached Memorandum of Law, however, Plaintiffs respectfully request that Defendants' Motion as to Plaintiffs' prior police contacts be denied.

Respectfully submitted,

DATE: January 27, 2004

/s Jonathan H. Feinberg
Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, EPSTEIN & MESSING
924 Cherry Street, Suite 500
Philadelphia, PA 19107
(215) 925-4400
(215) 925-5365 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, by his next friend Ira Rosenberg, JAMES WALTON, | : : : : | CIVIL ACTION No. 02-CV-4007 |
| Plaintiffs, | : : | |
| v. | : : | JUDGE HERBERT J. HUTTON |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER JEROLD BREDOW, individually and as a police officer of the Borough of Doylestown, ROBERT WELCH, | : : : : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE**

**I.   INTRODUCTION**

This action arises out of an incident on September 8, 2000, in which Defendant Police Officer Jerold Bredow, acting in concert and conspiracy with Defendant Robert Welch, effectuated the unlawful arrest of Plaintiffs Matthew John Fisher, Seth Rosenberg, and James Walton. Plaintiffs' Complaint states two counts against all Defendants: (1) a claim under 42 U.S.C. § 1983 that Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to be free from unlawful arrest and detention, and malicious prosecution and (2) state-law claims of assault, battery, unlawful arrest, and malicious prosecution.

Discovery in the case is complete. On October 28, 2003, the Court denied the summary judgment motion of Defendant Bredow,[1] and, on December 10, 2003, the Court denied the

---
[1] In filings related to that motion, Plaintiffs agreed to the dismissal from the case of Defendant Borough of Doylestown.

summary judgment motion of Defendant Welch.  On January 7, 2004, in anticipation of trial, Defendant Bredow filed the instant motions in limine seeking (1) a ruling precluding Plaintiffs from introducing evidence as to Defendant Bredow's resignation from the Doylestown Police Department and (2) a ruling that evidence of Plaintiffs Fisher and Walton's "prior police contacts" is admissible at trial.  Upon reviewing Defendant's filings, Plaintiffs agree that evidence as to the details of Defendant Bredow's resignation from the Doylestown Police Department is inadmissible.  With respect to Defendant's Motion concerning Plaintiffs' prior police contacts, however, as discussed more thoroughly below, Plaintiffs submit that Defendant's arguments are legally incorrect and the evidence in question should be ruled inadmissible.

II.     FACTS

The facts of this case are set forth in the Court's opinions denying the Defendants' summary judgment motions.  In brief, Plaintiffs claim that they were arrested without any legal justification for a purported failure to leave a Starbucks Café in Doylestown when ordered to do so.  The deposition testimony shows that Plaintiffs complied with the orders of Defendants Bredow and Welch and departed from the Starbucks premises.  Notwithstanding their compliance with these orders, Plaintiffs were arrested and charged with failure of disorderly persons to disperse, 18 Pa. C.S.A. § 5502, and defiant trespass, 18 Pa. C.S.A. § 3503.  All criminal proceedings were terminated favorably to the Plaintiffs.

III.    ARGUMENT

Defendant Bredow seeks to admit evidence of "several occasions" on which Plaintiffs Matthew Fisher and James Walton have been cited for disorderly conduct.  As Defendant correctly concedes, "[e]vidence of a person's prior bad acts are [*sic*] ordinarily inadmissible for the purpose of showing action in conforming with such acts on a particular occasion."  To avoid

2

the general rule of inadmissibility for prior bad acts, Defendant argues (1) that evidence of Plaintiffs' prior citations for disorderly conduct is admissible as "habit" evidence under Fed. R. Evid. 406 and (2) such evidence is relevant to Plaintiffs' claim for compensatory damages. Neither argument withstands scrutiny.

With respect to Defendant's first argument, the purported conduct at issue – Plaintiffs' "disorderly behavior and disrespectful attitude with regard to police officers" – does not even come close to the sort of "habit" contemplated by Fed. R. Evid. 406. Habit evidence must be distinguished from character evidence; as the Advisory Committee notes to Rule 406 explain:

> Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness. "Habit," in modern usage, both lay and psychological, is more specific. It describes one's regular response to a repeated specific situation….A habit…is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic.

*See also Becker v. ARCO Chemical Co.*, 207 F.3d 176, 204 (3d Cir. 2000) (discussing differences between habit evidence and character evidence).

In assessing whether proffered evidence meets the definition of habit, courts must consider "adequacy of sampling and uniformity of response." *McWhorter v. City of Birmingham*, 906 F.2d 674, 679 (11th Cir. 1990) (citation omitted). Defendant cannot meet this test. The only "sampling" provided by Defendant is the vague statement that Plaintiffs have been cited by police on "several occasions." Nor does Defendant provide any substantiation for his claim that Plaintiffs act in a uniform manner when confronted by police such that Plaintiffs

3

act in a "semi-automatic" manner.² At best, the proffered evidence, if credited, might tend to show that Plaintiffs have acted rudely to police officers on prior occasions – classic *character* evidence that is not covered under Rule 406, but, which is, instead, inadmissible under Rule 404(a). *See Thompson v. Boggs*, 33 F.3d 847, 854-55 (7th Cir. 1994) (holding that evidence of police officer's use of excessive force in five other cases was inadmissible in civil rights case on ground that other cases of excessive force were unsubstantiated and proponent of evidence provided no information as to the number of arrests made by officer without excessive force); *McWhorter*, 906 F.2d at 679 (11th Cir. 1990) (holding that testimony of police officers who were allegedly harassed and intimidated by the defendant chief of police was not admissible as habit evidence in civil rights action brought by a former officer).³

Defendant's second argument, that evidence of Plaintiffs' prior police contacts is relevant to their damages claims is similarly misguided. Although not clear from Defendant's conclusory statement that this evidence is relevant "to show that [Plaintiffs] did not suffer any damages as a result of the incident with the police officers," Defendant is apparently arguing that because Plaintiffs have been arrested before, the emotional damage of this arrest is somewhat lessened. This argument misconstrues the nature of Plaintiffs' damages claims. Plaintiffs do not claim that they were injured by the mere fact of arrest, but, rather, that they were injured as a result of a *false* arrest.⁴ Their claim is that Defendant Bredow had no legally justifiable reason to subject them to the burdens of the criminal process – the loss of liberty, the inconvenience of attending criminal proceedings, and the associated economic costs of retaining legal counsel. The damage

---

² Some of the citations referenced by Defendant were dismissed; these citations cannot reasonably be viewed as probative to Defendant's point that Plaintiffs have acted disrespectfully to police officers.
³ Notably, Defendant provides no case citations supporting his argument.
⁴ If Defendant's logic were to prevail, evidence of prior arrests could be introduced against all civil rights plaintiffs. Fed. R. Evid. 404 would be rendered a nullity in civil rights cases.

4

caused by these burdens, which, under Plaintiffs' theory of the case, should not have been imposed on Plaintiffs, is not at all lessened by the fact that Plaintiffs have been placed in police custody on prior occasions. Accordingly, the evidence is not admissible as to damages.

The only purpose conceivably met by admitting evidence of Plaintiffs' prior police contacts is to show that, in the instant case, Plaintiffs acted in conformity with their conduct on prior occasions. This purpose is prohibited under Fed. R. Evid. 404(a), and the evidence should be ruled inadmissible.

Alternatively, to the extent the evidence of Plaintiffs' prior police contacts might be perceived as remotely probative to Plaintiffs' damages claims, any probative value is substantially outweighed by the unfair prejudicial nature of the testimony, thus rendering it inadmissible under Fed. R. Evid. 403.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion as to Plaintiffs' Prior Police Contacts be denied and that the evidence of such prior contacts be ruled inadmissible.

Respectfully submitted,


DATE:  January 27, 2004              /s Jonathan H. Feinberg
                                     Jonathan H. Feinberg
                                     I.D. No. 88227
                                     KAIRYS, RUDOVSKY, EPSTEIN & MESSING
                                     924 Cherry Street, Suite 500
                                     Philadelphia, PA  19107
                                     (215) 925-4400
                                     (215) 925-5365 (fax)

**CERTIFICATE OF SERVICE**

    I, Jonathan H. Feinberg, hereby certify that, on January 27, 2004, the foregoing Response to Defendants' Motions in Limine and supporting Memorandum of Law were filed electronically, and that copies of said filings were served via first-class U.S. Mail upon counsel for Defendant Bredow:

        Joseph J. Santarone, Jr., Esq.
        John P. Gonzalez, Esq.
        Marshall Dennehey Warner Coleman & Goggin
        One Montgomery Plaza, Ste. 1002
        Norristown, PA  19401


        /s Jonathan H. Feinberg
        Jonathan H. Feinberg