IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW JOHN FISHER, SETH ROSENBERG, by his next friend Ira Rosenberg, JAMES WALTON, | : : : : | CIVIL ACTION No. 02-CV-4007 |
| Plaintiffs, | : : | |
| v. | : : | JUDGE HERBERT J. HUTTON |
| BOROUGH OF DOYLESTOWN, POLICE OFFICER JEROLD BREDOW, individually and as a police officer of the Borough of Doylestown, ROBERT WELCH, | : : : : : : | |
| Defendants. | : : | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**I. FEDERAL CAUSE OF ACTION**

**UNLAWFUL POLICE CONDUCT**

**CONSTITUTIONAL RIGHTS PROTECTED BY 42 U.S.C.A. § 1983**

**ELEMENTS -- UNLAWFUL POLICE CONDUCT**

**UNLAWFUL ARREST – DEFINED**

**"UNDER COLOR OF STATE LAW"**

**II. STATE CAUSES OF ACTION**

**FALSE ARREST**

**ASSAULT**

**BATTERY**

**MALICIOUS PROSECUTION**

## UNLAWFUL POLICE CONDUCT

In this case plaintiffs Matthew Fisher, Seth Rosenberg and James Walton claim damages alleged to have been sustained by them as the result of a deprivation, under color of state law, of a right secured to the plaintiff by the Constitution of the United States and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, plaintiffs allege that they were arrested without legal cause or justificiation by defendant Jerold Bredow, who was acting under color of the authority of the Commonwealth of Pennsylvania as a member of the Bourough of Doylestown Police Department, in Bucks County, PA, and were thereby subjected to a deprivation of their rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right not to be deprived of liberty without due process of law and the Constitutional right to be free from unlawful arrest and detention and malicious prosecution.

**CONSTITUTIONAL RIGHTS PROTECTED BY 42 U.S.C.A. § 1983**

The federal civil rights act under which plaintiffs bring this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of, the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

You are instructed that, as a matter of law, under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be arrested without due process of law. Every person also has the right under the Constitution to not to be subjected to unreasonable force while being arrested by a law enforcement officer.

You are further instructed that the federal civil rights statute under which the plaintiffs sue provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

## ELEMENTS -- UNLAWFUL POLICE CONDUCT

In order to prove their claim, the burden is upon plaintiffs to establish by. a preponderance of the evidence each of the following elements:

*First:* That the defendant performed acts which operated to deprive the plaintiff of one or more of his federal Constitutional rights, as defined and explained in these instructions, by arresting plaintiffs without probable cause;

*Second:* That the defendant then and there acted under the color of the authority of the state of Pennsylvania.

*Third:* That the defendant's acts were the proximate cause of damages sustained by the plaintiff.

It is not an essential element of plaintiffs' claim that the defendant specitfically intended to violate plaintiffs' civil rights. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ctg 1213 (1967).

Nor is it an essential element of plaintiffs' claim that the defendant had an improper motive. *Roberts v. Williams*, 456 F.2d 819 (5th Cir. 1971).

## UNLAWFUL ARREST - DEFINED

Under the law of the Commonwealth of Pennsylvania, one who intentionally causes the false arrest of another person is responsible to that person for all harm caused by the arrest.

An arrest is the taking of another person into custody under an assertion of legal authority to do so and for the purpose of bringing that person before a court or otherwise securing the administration of law.  An arrest may be accomplished by any act that indicates an intention to take that person into custody and that subjects him or her to the control of another.

A false arrest is an arrest made without probable cause. Probable cause means that the person making the arrest believed at the time of the arrest, and a reasonable person under the same circumstances would also have believed, that he or she had sufficient information as to both the facts and the applicable law, to reasonably believe that a crime had been [or was being] committed and that the person arrested was guilty of committing the crime.

Pa. SSJI (Civ) 13.04

## "UNDER COLOR OF STATE LAW"

Acts are done "under color of state law" not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. In order for unlawful acts of an official to be done "under Color of any law," however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of his official duties; that is to say, the unlawful acts must consist of an abuse or misuse of power which is possessed by the official only because he is an official, and the unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise his official powers.

There is no dispute that the defendant in this case was acting under color of law at the time of this incident, and, therefore, you are hereby instructed that you must that this element has been established.

## **STATE CAUSES OF ACTION**

## **FALSE ARREST**

*See* instruction on Unlawful Arrest, *supra.*

## **ASSAULT**

An assault is an act done with the intent to put another in reasonable and immediate apprehension of a harmful or offensive contact with his or her body and which does in fact cause such apprehension.

To commit an assault it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

In order for the defendant to be held responsible for the commission of an assault against the plaintiffs, you must find:

1) that the defendant intended to put the plaintiffs in reasonable and immediate apprehension of a harmful or offensive contact with (his) (her) body, and;

2) that the plaintiffs, as a result of the defendant's act, was put in reasonable and immediate apprehension of such contact.

## **BATTERY**

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another (or an act done with the intent to put another in reasonable and immediate apprehension of a harmful or offensive contact with his or her body) and which directly (or indirectly) results in the harmful or offensive contact with the body of another.

In order for the defendant to be held responsible for the commission of a battery against the plaintiff, you must find:

(1)    that the defendant acted with the intent to cause a harmful or offensive contact with the body of the plaintiffs or that the defendant acted with the intent to put the plaintiffs in reasonable and immediate apprehension of a harmful or offensive contact with their bodies, and

(2)    that the defendant's act directly [or indirectly] resulted in a harmful or offensive contact with the plaintiffs' bodies.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

## MALICIOUS PROSECUTION

A person who causes a criminal proceeding to be initiated or continued against another, resulting in his or her arrest, is responsible for the harm resulting from the initiation or continuation of such proceeding, if it was initiated or continued with malice and without probable cause, and the proceeding terminated in favor of the plaintiff.

As a matter of law, I have determined that the defendant caused criminal proceedings to be initiated against the plaintiffs resulting in their arrest. I have also determined as a matter of law that the criminal proceeding terminated in favor of the plaintiffs.

*Second Alternative--Where There is a Conflict of Material Evidence*

If you find that the defendant Bredow fabricated the evidence that plaintiffs that plaintiffs refused to leave the Starbucks property and that they were arrested on Starbucks property, then the plaintiffs have established that the defendant acted without probable cause.

You as a jury must determine whether the defendant acted with malice. Malice has been defined as the doing of a wrongful act intentionally. A criminal proceeding is initiated or continued with malice if it is begun or continued for a purpose other than to bring the accused person to justice. You may infer that the defendant acted with malice from the fact that he acted without probable cause.

Pa. SSJI (Civ) 13:05A

                                          Respectfully submitted,

DATE: February 6, 2004                      /s Michael C. Schwartz
                                                              I.D. No. 39475
                                                              JAMES, JARRETT & SCHWARTZ, P. C.
                                                              21 South 12th Street – 9th Floor
                                                              Philadelphia, PA 19107
                                                              (215) 751-9865
                                                              (215) 751-0658

**CERTIFICATE OF SERVICE**

I, Michael C. Schwartz, hereby certify that, on February 6, 2004, the foregoing Plaintiffs' Proposed Jury Instrucitons were filed electronically, and that copies of said filings were served via first-class U.S. Mail upon counsel for Defendant Bredow:

>Joseph J. Santarone, Jr., Esq.
>Marshall Dennehey Warner Coleman & Goggin
>One Montgomery Plaza, Ste. 1002
>Norristown, PA  19401

>/s Michael C. Schwartz