IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW JOHN FISHER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF DOYLESTOWN, et al. | : | NO. 02-4007 |

**O R D E R**

AND NOW, this _____ day of May, 2004, upon consideration of Defendants' Motion in Limine to Admit Plaintiffs Matthew Fisher and James Walton's Prior Police Contacts (Docket No. 27), Defendants' Motion in Limine to Preclude any Evidence Regarding Officer Bredow's Resignation from the Doylestown Police Department (Docket No. 28), and Plaintiffs' Response thereto (Docket No. 31), IT IS HEREBY ORDERED that:

(1) Defendants' Motion in Limine to Admit Plaintiffs' Prior Police Contacts is **DENIED**;[1] and

---

[1] Defendants seek to admit evidence of Plaintiffs' prior police contacts in which they have been cited for disorderly conduct. They argue that (1) such evidence is admissible as habit evidence under Fed. R. Evid. 406 and (2) such evidence is relevant to Plaintiffs' claim for compensatory damages.
  Fed. R. Evid. 406 prohibits the admission of character evidence to prove that a person acted in conformity with a certain character trait. Fed. R. Evid. 406 is an exception to Rule 404 and permits the admission of evidence of habit to show that a person acted in conformity with a particular routine. Rule 406 provides:
> Evidence of the habit of a person . . . whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit or routine practice.

Fed. R. Evid. 406. The Advisory Committee Notes explain that habit "describes one's regular response to a repeated specific situation . . . such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic." Fed. R. Evid. 406 advisory committee notes; see also Weinstein's Fed. Evid., 2d. Ed., Vol. 2 § 406.02[3], pg. 406-6 (explaining that "[a] habit is specific and particular [and that] [i]t must be distinguished from character, which is a generalized description of one's disposition"). Thus, to qualify as habit evidence, the proffered evidence must be specific and particular. In this case, it was neither. Defendants provide only generalized statements that

(2) By agreement of the parties, Defendants' Motion in Limine to Preclude any Evidence Regarding Officer Bredow's Resignation (Docket No. 28) is **GRANTED**.  Plaintiffs are precluded from introducing into evidence the details surrounding Officer Bredow's resignation from the Doylestown Police Department.

BY THE COURT:

_____
HERBERT J. HUTTON, S.J.

---

Plaintiffs have been "cited on several occasions for disorderly conduct." Moreover, beyond the conclusory statement that these "occasions" were consistent with Plaintiffs' behavior on September 8, 2000, the record does not reflect or indicate any specific or particular similarities between the incident on the day in question and Plaintiffs' previous citations.  In any event, the Court notes that the act of being rude to police officers prior to being cited typically is not the type of reflexive or "semi-automatic" conduct that Rule 406 contemplates.
    Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Defendants state in a conclusory manner that Plaintiffs' prior police contacts and disorderly conduct citations are relevant to show that they did not suffer any damages as a result of the September 2000 incident.  It appears that Defendants argue that because Plaintiffs have been arrested before, the damage from the present arrest is somewhat lessened.  Plaintiffs' damage claim is that because of the alleged false arrest, Plaintiffs were subjected to the burdens of the criminal process.  This alleged harm is not lessened by the fact that Plaintiffs have previously been cited for disorderly conducted.
    In sum, evidence of Plaintiffs' prior police contacts is inadmissible as habit evidence and as to damages.  Accordingly, Defendants' Motion is denied.