IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW JOHN FISHER, | : | CIVIL ACTION |
| SETH ROSENBERG, AND | : | |
| JAMES WALTON | : | |
|     Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| BOROUGH OF DOYLESTOWN, | : | |
| JEROLD BREDOW, AND | : | |
| ROBERT WELCH, | : | |
|     Defendants. | : | No. 02-4007 |

**S C H E D U L I N G   O R D E R**

**AND NOW**, this 19th day of November, 2004, discovery having been completed and dispositve motions having been filed and decided, it is **ORDERED** that this case shall proceed on the following schedule:

1. All parties are to prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

    a. Plaintiff(s): on or before January 5, 2005.

    b. Defendant(s): on or before January 11, 2005.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 5118) when the original is filed.

2. All trial exhibits shall be marked and exchanged on or before January 13, 2005.

3. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to

Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum.  Each objection shall describe with particularity the ground and the authority for the objection.

      4.      A final pretrial conference will be held with the Honorable Gene E.K. Pratter on January 13, 2005 at 2:00 p.m. in Chambers, Room 5118, United States Courthouse.  Lead trial counsel is required to appear at the conference.  If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with this case is required to appear at the conference.

      5.      The case will be placed on the Court's trial pool list on January 18, 2005.  The case will be tried to a jury.  The estimated time is four days.

      6.      If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel prior to trial for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

      7.      Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the

margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections is also required.

8.      The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1 (d)(2)(b)(2).  Two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 5118) at least three (3) days before the case appears on the trial pool list.  The original shall be filed with the Clerk of the Court.

9.      Unless the Court requires otherwise, at least three (3) days before the case appears on the trial pool list, each party shall submit to the Court (Chambers, Room 5118) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine (excepting <u>Daubert</u> motions), and (e) a trial memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, or Sand, <u>Modern Federal Jury Instructions</u> is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified.  If a party modifies a model jury instruction the modification shall be set with additions underlined and deletions placed in brackets.

10.     At least three (3) days before the case appears on the trial pool list, the parties shall submit to the Court (Chambers, Room 5118) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's cause(s) of action <u>and the essential elements of each</u>

cause of action; and, (c) a brief statement of the defense(s) <u>and the essential elements of each affirmative defense</u>. The statement of the case should not exceed two (2) pages in length.

11. At the commencement of trial, counsel are to supply the Court with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which briefly describes each exhibit.

12. All counsel are urged to review the Court's General Policies and Procedures available on the Court's website at http://www.paed.uscourts.gov/documents/procedures/prapol.pdf concerning the conduct of the trial. Any counsel desiring a hard copy of this document may call the Court's Civil Deputy, Ms. Rose A. Barber at 267-299-7350, to request a copy.

                                         BY THE COURT:

                                         GENE E.K. PRATTER
                                         United States District Judge